IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS RAY ALLEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOSEPH F. MAZURKIEWICZ, JR., *et al.*, )<br>)<br>)<br>Respondents. ) | CIVIL ACTION NO. 3:11-cv-190<br><br>JUDGE KIM R. GIBSON |

<u>MEMORANDUM ORDER</u>

This matter is before Magistrate Judge Keith A. Pesto (the "Magistrate Judge") in accordance with the Magistrates Act, 28 U.S.C. Section 636, and Local Civil Rule 72.

I.  Background

Petitioner Thomas Ray Allen's ("Petitioner") Petition for Writ of Habeas Corpus was placed on the docket on August 26, 2011. (ECF No. 1). On February 20, 2014, the Magistrate Judge issued a Report and Recommendation, recommending that the Court deny the Petition. (ECF No. 21). On March 10, 2014, the Court issued an Order denying that Petition. (ECF No. 23).

On December 9, 2022, Petitioner's first "Motion for Relief From Judgment Under Rule 60(b)(6)" was placed on the docket. (ECF No. 28). On May 11, 2023, the Court issued an Order denying that Motion without prejudice. (ECF No. 32).

II.  Petitioner's Motion for Relief From Judgment at ECF No. 33

On June 5, 2023, Petitioner's second "Motion for Relief From Judgment Based on Extraordinary Circumstances Under Rule 60(b)(6)" was placed on the docket. (ECF No. 33). In that Motion, Petitioner contends that the Magistrate Judge erred when he found, in his February,

20, 2014, Report and Recommendation, (ECF No. 21), that: (1) Petitioner's first claim in his Habeas Petition was procedurally defaulted, (2) Petitioner's fourth claim in his Habeas Petition was defaulted and unexhausted, and (3) Petitioner's seventh claim in his Habeas Petition was procedurally defaulted and unexhausted. (ECF No. 33 at 4). Relatedly, Petitioner contends that any procedural default by him is excusable under the rule articulated by the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 33 at 5).

On June 7, 2023, the Magistrate Judge issued a Report and Recommendation, recommending that the Motion at ECF No. 33 be denied without a certificate of appealability. (ECF No. 34 at 1). The Magistrate Judge stated that Petitioner's Motion is unavailing because the Third Circuit "has clearly stated that since legal error can usually be corrected on appeal a claim of legal error without more does not justify the granting of relief under Rule 60(b)(6)." (*Id.*) (citing *James v. Virgin Islands Water & Power Auth.*, 119 F. App'x 397, 401 (3d Cir. 2005) (citations omitted)). Finally, the Magistrate Judge noted that the parties were permitted to file written objections to the Report and Recommendation within fourteen days. (*Id.* at 2).

In June 2023, Petitioner submitted timely Objections to the Report and Recommendation. (ECF No. 35-1). In those Objections, Petitioner reiterates that, under the rule first announced in *Martinez*, "when a prisoner's state post-conviction lawyer was negligent for failing to raise an ineffective-assistance claim that has some merit, [courts] may hear the claim, even though the prisoner never raised it in state court[.]" (ECF No. 35 at 2–3).

Having reviewed Petitioner's Objections, the Court finds them meritless. Insofar as Petitioner disagrees with the legal conclusions reached by the Magistrate Judge and this Court regarding his Habeas Petition, the Third Circuit has held that "[l]egal error does not by itself

warrant the application of Rule 60(b) …. Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (internal quotation marks and citation omitted). Further, even assuming without deciding that *Martinez v. Ryan*, 566 U.S. 1 (2012) constitutes a "change of law" relative to Petitioner's Habeas Petition (which was disposed of by this Court in 2014), his request for relief based on the rule articulated by the Supreme Court in *Martinez* is much too late at this juncture. *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2004) ("[W]e warn—that, unless a petitioner's motion for 60(b)(6) relief based on *Martinez* [is] brought within a reasonable time of that decision, the motion will fail."); FED. R. CIV. P. 60(c)(1).

Therefore, after *de novo* review of the record and the Report and Recommendation at ECF No. 34, the Court enters the Order below denying Petitioner's Motion at ECF No. 33.

### III.  Petitioner's Motion for Relief From Judgment at ECF No. 36

On December 11, 2023, Petitioner's third "Motion for Relief From Judgment Under Rule 60(b)(6)" was placed on the docket. (ECF No. 36). In that Motion, Petitioner asserts that he can successfully advance a claim of actual innocence. (*Id.* at 3–5).

On December 14, 2023, the Magistrate Judge issued a Report and Recommendation, recommending that the Motion at ECF No. 36 be denied without a certificate of appealability. (ECF No. 37 at 1–2). One of the Magistrate Judge's reasons for recommending denial of the Motion is that "[P]etitioner points to no new evidence, in fact discusses no evidence not already available at the time of trial (and therefore by the time of the first habeas petition)[.]" (*Id.* at 1). Finally, the Magistrate Judge noted that the parties were permitted to file written objections to the Report and Recommendation within fourteen days. (*Id.* at 3).

Petitioner has not filed Objections to the Report and Recommendation at ECF No. 37, and the timeframe for doing so has passed.

Therefore, upon review of the Record and the Report and Recommendation under the applicable "reasoned consideration" standard, see *EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017) (stating the standard of review when no timely objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court finds that the Magistrate Judge's recommendation regarding the disposition of this matter is correct. See *Parham v. Klem*, 496 F. App'x 181, 184 (3d Cir. 2012) ("To show that his procedural default should be excused with a gateway claim of actual innocence, a petitioner must first present new, reliable evidence … that was not presented at trial.") (internal quotation marks and citation omitted); *Goldblum v. Klem*, 510 F.3d 204, 226 n.14 (3d Cir. 2006) ("Evidence is not "new" if it was available at trial, but a petitioner merely chose not to present it to the jury.") (internal quotation marks and citation omitted).[1]

Accordingly, the following order is entered:

IV.     Order

**AND NOW**, this 12th day of March, 2024, **IT IS HEREBY ORDERED** that Petitioner Thomas Ray Allen's Motion for Relief From Judgment Under Rule 60(b)(6) at ECF No. 33 is **DENIED WITHOUT PREJUDICE** for the reasons stated in the Report and Recommendation at

---

[1] It appears that Petitioner may raise certain issues in his Motion at ECF No. 36 that he first raised in his Motion at ECF No. 33. (ECF No. 36 at 2–3). To the extent that Petitioner does so, the Court finds Petitioner's arguments in the Motion at ECF No. 36 unavailing for the same reasons that the Court articulated relative to Petitioner's Motion at ECF No. 33. The Court likewise finds any additional arguments by Petitioner, such as his wholly conclusory allegation that the Magistrate Judge discriminated against him, (ECF No. 36 at 3), to be devoid of merit.

-5-

ECF No. 34 and those set forth above. The Report and Recommendation at ECF No. 34 is adopted as the opinion of the Court for its reasoning and conclusions.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** relative to the Motion at ECF No. 33 for the reasons stated in the Report and Recommendation at ECF No. 34 and those outlined above. The denial of a certificate of appealability does not prevent Petitioner from appealing the order denying his Motion so long as he seeks, and obtains, a certificate of appealability from the Court of Appeals. See FED. R. APP. P. 22(b)(1), (2).

**IT IS FURTHER ORDERED** that Petitioner Thomas Ray Allen's Motion for Relief From Judgment Under Rule 60(b)(6) at ECF No. 36 is **DENIED WITHOUT PREJUDICE** for the reasons stated in the Report and Recommendation at ECF No. 37 and those set forth above. The Report and Recommendation at ECF No. 37 is adopted for its reasoning and conclusion regarding the appropriate disposition of Petitioner's Motion.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** relative to the Motion at ECF No. 36 for the reasons stated in the Report and Recommendation at ECF No. 37 and those outlined above. The denial of a certificate of appealability does not prevent Petitioner from appealing the order denying his Motion so long as he seeks, and obtains, a certificate of appealability from the Court of Appeals. See FED. R. APP. P. 22(b)(1), (2).

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

**Notice by U.S. Mail to:**

Thomas Ray Allen
HE-5446
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510